[Civ. No. 5671. First Appellate District. Division Two.—January 25, 1927.]

NORMAN W. TATTERSON et al., Respondents, v. STANDARD REALTY COMPANY (a Fictitious Partnership) et al., Appellants.

[1] BROKER'S COMMISSIONS — PLEADING — JOINDER — WAIVER. — Where a real estate broker employing a salesman joined in an action by the salesman to recover commissions for the exchange of real property and set up in the complaint a contract with the salesman, by which the latter was to have as his compensation such sum as defendants agreed to pay for negotiating the exchange, and alleging that he waived his right to said sum in favor of the salesman, the broker was not entitled to a recovery and the trial court erred in overruling defendants' demurrer to the complaint.

[2] ID.—EXCHANGE OF REAL PROPERTY—LICENSES—EVIDENCE—JUDGMENTS.—In such action, a judgment in favor of the salesman was not authorized, where the facts showed that he was not employed by the broker to make the exchange, but was completing an exchange begun while employed as salesman for another broker, and was not as to the exchange either a broker or a salesman employed by a licensed broker to negotiate the exchange of real estate, pursuant to sections 1, 2 and 20b of the Real Estate Brokers' Act (Stats. 1919, p. 1252, and acts amendatory thereof).

[3] REAL ESTATE BROKERS' ACT — CONTRACT BY SALESMAN FOR EXCHANGE OF REAL PROPERTY—STATUTORY CONSTRUCTION.—The Real Estate Brokers' Act (Stats. 1919, p. 1252, and acts amendatory thereof), defining a real estate broker and salesman, do not authorize the execution of a contract for the exchange of real property by a real estate salesman in his own name.

[4] APPEAL—RECORD—MINUTES OF LOWER COURT—AMENDMENT—REHEARING.—A petition for rehearing will not be granted to permit the amendment of the minutes of the lower court and to change the record on appeal to show that a paragraph of an amended

complaint was stricken out, where the matters contained therein appeared in another paragraph. (On denial of rehearing.)

[5] Broker's Commissions—Action by Salesman for Commissions on Exchange of Real Property—Right of Recovery—Contracts. In this action by a real estate salesman to recover commissions for the exchange of real property, where plaintiff was not within the definition of a real estate salesman under section 2 of the Real Estate Brokers' Act (Stats. 1919, p. 1252, and acts amendatory thereof), he was not entitled to recover, although the promise to pay the commission was contained in a contract between the principals to the exchange agreement, where the seller was not claiming the commission as part of the consideration and where the amount to be so paid was specifically designated as real estate commission. (On denial of rehearing.)

(1) 31 Cyc., p. 91, n. 82.   (2) 9 C. J., p. 566, n. 57 New.   (3) 9 C. J., p. 673, n. 89 New.   (4) 4 C. J., p. 626, n. 54.   (5) 9 C. J., p. 566, n. 57 New.

APPEAL from a judgment of the Superior Court of Alameda County. J. A. Smith, Judge. Reversed.

The facts are stated in the opinion of the court.

G. E. Duke, *in pro. per.,* and A. A. Montague for Appellants.

Daniel Rygel and George M. Naus for Respondents.

STURTEVANT, J.—Norman W. Tatterson commenced an action against the defendants to recover a sum of money alleged to be due as commissions earned by him in effecting an exchange of real properties. Thereafter the defendants appeared and such proceedings were had that the trial court made an order authorizing the plaintiff to file an amended complaint joining Carl H. Nieper as a coplaintiff. An amended complaint was filed, the defendants demurred thereto, their demurrer was overruled and thereupon they answered and a trial was had before the court sitting without a jury. The trial court made findings of fact in favor of the plaintiffs and from a judgment entered thereon the defendants have appealed under section 953a of the Code of Civil Procedure.

The appellants present a large number of points, but in the view that we take of the record it will not be necessary to consider all of them.

[1] As to the plaintiff Carl H. Nieper, we think that the demurrer of the defendants should have been sustained. In their complaint the coplaintiffs alleged:

"I.

"That at all times herein mentioned the said Carl H. Nieper was and is a Real Estate Broker, duly licensed by the Real Estate Board under the State Real Estate Department Act of the State of California and doing business as a Real Estate Broker in the State of California with his principal place of business in the City of Oakland.

"II.

"That at all times herein mentioned plaintiff Norman W. Tatterson was a real estate salesman, duly licensed by the Real Estate Board under the State Real Estate Department Act of the State of California and in the employ of said Carl H. Nieper as a real estate salesman fully authorized to make contracts of sale or exchange of real property in his own name as the agent of said Carl H. Nieper. That said Norman W. Tatterson did enter into agreement with said defendants with the knowledge and consent of said plaintiff Nieper as his authorized agent and salesman.

"III.

"That said Carl H. Nieper did agree with said Norman W. Tatterson that he the said Norman W. Tatterson was to have and receive as his compensation for securing the execution of the contract on file herein such sum as the defendants agreed to pay.

"IV.

"That he hereby waives all of his right in and to the said sum to said Norman W. Tatterson.

"V.

"That the said defendants G. E. Duke and M. E. Duke, his wife, John Doe and Richard Roe are the owners of the Standard Realty Co., a fictitious co-partnership doing business in the City of Oakland, County of Alameda, State of California.

"VI.

"That on the 15th day of July, 1925, the above named plaintiff and defendants executed, delivered, and entered

into a contract in writing bearing the date of that day, a copy of which said contract is hereby attached and marked Exhibit 'A' and made a part of this complaint.

"VII.

"That said plaintiff has fully performed all of his terms of the contract, and that said defendants have not performed all of their terms of the contract, to wit: the payment to the said Norman W. Tatterson of the sum of One Thousand Five Hundred Dollars ($1,500.00) as and for commissions for services rendered.

"VIII.

"That on the 20th day of July, 1925, the said offer of exchange made by the said defendants was accepted in writing by the party of the second part of the said contract hereinbefore mentioned as Exhibit 'A,' and defendants were notified of the said acceptance on the 21st day of July, 1925, by plaintiff, Norman W. Tatterson.

"IX.

"That there is now due, owing and unpaid the sum of One Thousand Five Hundred Dollars ($1,500.00)."

Exhibit "A" attached to the amended complaint is an exchange agreement written on the approved form of the California Real Estate Association and by its terms the Standard Realty Company offers to exchange properties in the city of Richmond, Contra Costa County, for properties located in the city of Berkeley, county of Alameda, for the terms therein designated. A paragraph therein is as follows: "Norman W. Tatterson of Oakland, California, is hereby authorized to act as agent for all parties hereto and may accept commission therefrom and should this offer be accepted by the second party the undersigned agree to pay said agent $1500 commission for services rendered to become due on the execution of this agreement by all parties hereto." The offer purports to be signed on July 15, 1925, by the Standard Realty Company and to have been accepted on July 20, 1925, by an acceptance in writing executed by Maggie Gregg, the owner of the property located in Berkeley. Neither the offer nor the acceptance is signed by anyone else.

The complaint pleaded Nieper out of court in favor of his coplaintiff Norman W. Tatterson. In paragraphs III and IV it is alleged:

"That said Carl H. Nieper did agree with said Norman W. Tatterson that he the said Norman W. Tatterson was to have and receive as his compensation for securing the execution of the contract on file herein such sum as the defendants agreed to pay.

"That he hereby waives all of his right in and to the said sum to said Norman W. Tatterson."

On the trial of the case uncontradicted evidence was introduced in the form of a writing dated June 27, 1925, by which the allegations of paragraphs III and IV of the amended complaint were proved. But in making findings no finding was made in response to said paragraphs.

It follows that the demurrer should have been sustained because as to Nieper the complaint was insufficient, and, furthermore, that in the absence of the demurrer no judgment should have been entered in favor of the respondent Nieper.

[2] As to the respondent Tatterson, the appellants present numerous attacks, the general scope of which is to contend that exhibit "A" was illegal and that the amended complaint did not state facts sufficient and that the proof was not sufficient to establish a right in favor of Tatterson under the provisions of chapter 605, Statutes of 1919, and the acts amendatory thereof.

The record discloses that prior to the month of June, 1925, Carl H. Neiper was a duly licensed broker and that Seulberger-Dunham & Co. was a duly licensed broker; that Tatterson was a duly licensed real estate salesman in the employment of Seulberger-Dunham & Co.; that on the twenty-seventh day of June, 1925, he applied to have his license as a salesman transferred from that company to Carl H. Nieper; that it was transferred on the twenty-ninth day of June, 1925; it further appears that at the time Tatterson attempted to make this change that he claimed to have certain listings or unfinished business on hand; that on June 27, 1925, Nieper addressed a letter to Tatterson in which he stated: "In return for your co-operation and transferring your salesman's license above mentioned I agree to let you retain all commissions or profits from the sales you may make that are now pending." It further appears that the exchange transaction involved in this case is one of the listings which the plaintiff Tatterson so claimed to have at the time that he

became an employee of Nieper, and, except as we have stated, that Nieper never employed Tatterson ''for a compensation,'' or otherwise, to effect the exchange involved in this case. No writing was produced showing or tending to show that Tatterson, in so far as the transaction involving this exchange was concerned, acted or was acting as the agent of Nieper, was employed by Nieper, or compensated by Nieper.

The statute (Stats. 1919, p. 1252, as amended by Stats. 1921, p. 1294, and Stats. 1923, p. 93) provides: ''Sec. 1. It shall be unlawful for any person, copartnership or corporation to engage in the business, or act in the capacity of a real estate broker, or a real estate salesman within this state without first obtaining a license therefor.

''Sec. 2. A real estate broker within the meaning of this act is a person, . . . who, for a compensation, . . . negotiates the . . . exchange of real estate . . . for others as a whole or partial vocation.

''A real estate salesman within the meaning of this act is one who for a compensation is employed by a licensed broker to . . . negotiate the . . . exchange of real estate, . . . as a whole or partial vocation. . . .

''One act, for a compensation, of . . . offering for another to . . . exchange real estate, . . . shall constitute the person, . . . making such offer of . . . exchange . . . a real estate broker or salesman within the meaning of this act. . . .

''Sec. 20b. Every officer, agent or employee of any company, and every other person who . . . willfully violates or fails to comply with any of the provisions of this act, . . . is guilty of a public offense, and shall be punished by imprisonment in the state prison or the county jail for a term not to exceed two years, or by a fine of not to exceed two thousand dollars. . . . ''

From the foregoing provisions contained in the statute it is clear that the legislature has divided all persons, who for a compensation negotiate for others exchanges of real estate, into two classes, (1) brokers and (2) salesmen; and has prohibited others (except certain classes of persons not here involved) from engaging in such business without first complying with the statute. It has also placed restrictions and limitations on brokers and salesmen and has provided penalties for violations. In the case entitled *Riley* v. *Chambers,* 181 Cal. 589, at page 593 [8 A. L. R. 418, 185 Pac.

855, 856], speaking of this particular statute, the court said: "Now the single primary purpose of the act is to require of real estate brokers and salesmen that they be 'honest, truthful and of good reputation.' All of its provisions, including the requirement of a license, are but incidental to this single purpose and is designed to accomplish it." Tatterson does not claim he was a broker. He did not allege nor prove, and the court did not find, that he was employed by Nieper to conduct this particular exchange nor that he was so employed for a compensation. On the other hand, Tatterson claimed that it was personal business which he took to the house of Nieper and that Nieper authorized him to complete it.

[3] The trial court found the facts as alleged in paragraph II of the amended complaint in the words of said paragraph. The expression "fully authorized to make contracts" was but a conclusion. It was not a statement that Nieper for a compensation had employed Tatterson to make a contract of exchange. The expression that Tatterson was authorized to make contracts of exchange of real property "in his own name" is another conclusion, and, as we think, an improper conclusion on a question of law. The statute does not directly or indirectly authorize that method of executing one of the contracts enumerated in the statute.

The judgment is reversed.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 24, 1927, and the following opinion then rendered thereon:

[4] THE COURT.—Respondents in their petition for a rehearing have urged that a rehearing be granted so that sufficient time shall be available to them to take the necessary proceedings to amend the minutes of the court below and change the record on this appeal correspondingly. They state that in this way they will be able to show that paragraph IV of the amended complaint was stricken out by the court below. We are not disposed to follow this suggestion because, even with paragraph IV stricken out, paragraph III of the complaint also shows that plaintiff Nieper has passed over to Tatterson all his interest in the commission.

[5] Respondents, reinforced by new counsel, urge now for the first time that the illegality of the contract sued on is collateral, inasmuch as the promise to pay commissions to Tatterson is contained only in the contract between the principals to the exchange agreement. They claim that this commission is really a part of the consideration due to the seller from the buyer. But this is not a case where the buyer is retaining for himself a part of the agreed consideration upon the claim that the seller has directed an application of it in performance of a void contract. Here the exchange contract was not consummated and in this action we are not determining whether the consideration named is due and payable from the defendant to the seller. The clause containing the promise upon which this action is based specifically designates the fifteen hundred dollars as real estate commission and this action is brought to recover that sum as such.

The petition for a rehearing is denied.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 24, 1927.