[Crim. No. 43196. Second Dist., Div. Seven. Feb. 24, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
SALVADOR ASUNCION et al., Defendants and Appellants.

---

COUNSEL

Robert E. Weiner for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Gary R. Hahn and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

SCHAUER, P. J.—

STATEMENT OF THE CASE

Appellants were convicted of violating section 3, subdivision (b) of the Usury Law (Deering's Ann. Uncod. Measures 1919-1 (1973 ed.) p. 78; 10 West's Ann. Civ. Code (1954 ed., 1984 Cum. Supp.) foll. § 1916 at p. 45.), the California "loan-sharking" statute, following their pleas of nolo contendere. Their principal contention on this appeal is that section 3, subdivision (b) did not apply to them since they were licensed real estate salesmen at the time they made the high-interest loans which led to the charged offenses. They further contend that section 3, subdivision (b) is unconstitutionally vague and hence void. We will affirm.

DISCUSSION

Section 3, subdivision (b) provides, in relevant part: "Any person who willfully makes or negotiates, for himself or another, a loan of money, . . . and who . . . charges . . . interest . . . in excess of that allowed by law, is guilty of loan-sharking, a felony . . . . *This subdivision shall not apply to any person licensed to make or negotiate, for himself or another, loans of money . . . . or to any agent or employee of such person when acting within the scope of his agency or employment.*" (Italics supplied.)

■ Appellants argued at their (unsuccessful) motion to set aside the information pursuant to section 995 of the Penal Code, as they do on this appeal, that their status as licensed real estate salesmen at the time of the

charged offenses placed them outside the reach of section 3, subdivision (b). We disagree. As we will explain, a salesman is not "licensed to make or negotiate [loans] *for himself or another.*" Rather, a salesman is licensed only to act as an agent for, on behalf of, and in place of, the real estate broker under whom he is licensed. "[H]is acts are limited to those which he does and performs as an agent for such broker." (*Gipson* v. *Davis Realty Co.* (1963) 215 Cal.App.2d 190, 206-207 [30 Cal.Rptr. 253].)

The foregoing interpretation is assisted by a consideration of the statutory scheme applicable to real estate brokers and salesmen. Section 10132 of the Business and Professions Code provides, in relevant part: "A real estate salesman . . . is a natural person who, for a compensation or in expectation of a compensation, is employed by a licensed real estate broker to do one or more of the acts set forth in Sectio[n] 10131 . . . ."

Section 10131 of the Business and Professions Code provides, in relevant part: "A real estate broker . . . is a person who, for a compensation or in expectation of a compensation, does or negotiates to do one or more of the following acts *for another or others*:

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) . . . negotiates loans . . . for borrowers or lenders or note owners . . . ." (Italics supplied.)

Hence, while "[a] broker performs the specified services 'for another or others,' meaning the public, . . . a salesman must be 'employed by a licensed real estate broker.'" (*Grand* v. *Griesinger* (1958) 160 Cal.App.2d 397, 405 [325 P.2d 475].) A salesman cannot "accept compensation from any person other than the broker under whom he is at the time licensed," nor can he "pay any compensation . . . to any real estate licensee except through [that] broker . . . ." (Bus. & Prof. Code, § 10137.) When a salesman's application for a license is granted, the license goes into possession of the broker-employer and there remains until cancelled or until the salesman leaves that broker's employ. (Bus. & Prof. Code, § 10160.) And, the broker is subject to revocation of his license if he fails to exercise reasonable supervision over the activities of his salesmen. (Bus. & Prof. Code, § 10177, subd. (h).)

█ It is apparent from the foregoing statutory enactment that a real estate salesman is an agent of his broker-employer as a matter of law, that he "can act only for, on behalf of, and in place of the broker under whom he is licensed, and that his acts are limited to those which he does and performs as an agent for such broker. [Citation.]" (*Gipson* v. *Davis Realty Co.*,

*supra,* 215 Cal.App.2d at pp. 206-207; see also *Resnik* v. *Anderson & Miles* (1980) 109 Cal.App.3d 569, 572 [167 Cal.Rptr. 340].) The broker, on the other hand, having met specified experience and training qualifications (Bus. & Prof. Code, § 10150.6), is authorized ". . . to deal with the public, contract with its members and collect money from them; the salesman . . . is strictly the agent of the broker. He cannot contract in his own name (*Tatterson* v. *Standard Realty Co.,* 81 Cal.App. 23, 29 [253 P. 770]; *Weber* v. *Tonini,* 151 Cal.App.2d 168, 170-171 [311 P.2d 132]; 9 Cal.Jur.2d, § 70, p. 227), nor accept compensation from any person other than the broker under whom he is licensed; it is a misdemeanor for anyone, whether obligor, escrow holder, or otherwise, to pay or deliver to anyone other than the broker compensation for services within the scope of the act. ([Bus. & Prof. Code,] § 10138.)" (*Grand* v. *Griesinger, supra,* 160 Cal.App.2d at p. 406; see also *Resnik* v. *Anderson & Miles, supra,* 109 Cal.App.3d at pp. 572-573.)

■ We are satisfied, accordingly, that a real estate salesman is not licensed to make or negotiate loans *for himself or another,* and hence he is not excluded from the application of section 3, subdivision (b). Rather, as an "agent or employee of [his broker-employer]," a salesman is immunized only "when acting within the scope of his agency or employment" (§ 3, subd. (b)), which is clearly not the case at bench. Appellants conceded at their preliminary hearing, as they do on this appeal, that the loans at issue were not made on behalf of their broker-employers.

■ A further contention of appellants is that section 3, subdivision (b) does not give adequate notice of the conduct prohibited, and thus violates due process under the "void for vagueness" doctrine. (*Connally* v. *General Const. Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126].) This contention must also fail.

Appellants point out that section 3, subdivision (b) proscribes the making of a loan at an interest rate "in excess of that allowed by law," and assert, first, that it would be "very difficult" for an ordinary person to compute the maximum permissible rate of interest "allowed by law," and, secondly, that possible fluctuation of that rate as defined in article XV, section 1 of the California Constitution makes the standard unreasonably uncertain. We are unreceptive to appellants' complaint as to the vagueness of section 3, subdivision (b), since they are charged with making a loan at an interest rate of 288 percent, which unquestionably falls within the prohibition contained in section 3, subdivision (b). The language of our Supreme Court in *Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 492 [134 Cal.Rptr. 630, 556 P.2d 1081], is particularly appropriate here: ■ "In examining statutes challenged on vagueness grounds, courts have looked not merely at

the hypothetical cases to which the statute has uncertain applicability, but also at the act allegedly committed by the charged defendant. . . . '[¶] Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that *his* contemplated conduct is proscribed.' (*United States* v. *National Dairy Corp.* (1963) 372 U.S. 29, 32 [9 L.Ed.2d 561, 565, 83 S.Ct. 594], citations omitted, italics added; see also *Parker* v. *Levy* (1974) 417 U.S. 733, 756-757 [41 L.Ed.2d 439, 457-458, 94 S.Ct. 2547].) ▆▆ ▆▆ ▆▆ ▆▆ We are not obliged to '. . . consider every conceivable situation which might arise under the language of the statute . . . .' (*In re Cregler* (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]), so long as that language may be given '. . . a reasonable and practical construction in accordance with the probable intent of the Legislature' and encompassing the conduct of the defendants (*County of Nevada* v. *MacMillen* (1974) 11 Cal.3d 662, 673 [114 Cal.Rptr. 345, 522 P.2d 1345])."[1] Thus appellants cannot complain of the vagueness of a statute if the acts allegedly committed fall clearly within its bounds. Here, the conduct with which appellants are charged, namely, making a loan at an interest rate of 288 percent, clearly falls within the prohibition of section 3, subdivision (b).

The judgment is affirmed.

Thompson, J., and Johnson, J., concurred.

---

[1]We also reject appellants' contention that the term "licensed" is fatally imprecise in failing to specify whether a person licensed in another state is subject to the statute. Appellants were licensed in California.