[Civ. No. 58155. Second Dist., Div. One. Aug. 22, 1980.]

GERALD RESNIK, Plaintiff and Respondent, v.
ANDERSON AND MILES, Defendant and Appellant.

**COUNSEL**

Donald E. Schweger and Bruce H. Blum for Defendant and Appellant.

Carl G. Joseph for Plaintiff and Respondent.

OPINION

HANSON (Thaxton), J.—Defendant Anderson and Miles, a California corporation, doing business as Day Realty (hereinafter Day), appeals the judgment entered in favor of plaintiff Gerald Resnik in a trial de novo of a dispute initially heard by the Labor Commissioner.

FACTS

Gerald Resnik worked for Day as a licensed real estate salesperson from February 24, 1976, to November 4, 1977, pursuant to a written contract. During this period he became entitled to a commission of $956.81 as a result of a real estate listing he obtained for Day. Day failed to pay $478.41[1] of this amount and Resnik filed a claim for the unpaid sum with the California Labor Commissioner. The commissioner awarded Resnik the $478.41 and Day filed an appeal de novo pursuant to California Labor Code section 98.2 in the superior court.[2] That court also found in favor of Resnik for the same amount.

Day made timely motions for dismissal of the action due to a lack of jurisdiction during both the administrative and superior court proceedings, claiming that Resnik was not an employee of Day. The motions were denied although the trial court made findings that Resnik's contract with Day stated a relationship of independent contractor between the parties; that Resnik was also engaged as a full-time employee with the Bank of America during his association with Day; and that during his 19-1/2 month relationship with Day, Resnik delivered only 1 real estate listing, made no real estate sales, took no "floor time" in Day's Northridge office and met with management no more than 11 times.

---

[1]Day admits that the trial court found the amount of indebtedness to be $478.41 and does not contest this finding on appeal.

[2]Labor Code section 98.2 has since been amended so as to require the appeal de novo to be heard in either the municipal or superior court, in accordance with the appropriate rules of jurisdiction. At the time this matter was filed, jurisdiction was limited to the superior court.

## ISSUE

Day contends on appeal that neither the Labor Commissioner nor the superior court had subject matter jurisdiction over Resnik's claim.

## DISCUSSION

Day initially contends that the jurisdiction of both the Labor Commissioner and the superior court is limited to employee complaints, and this is conceded by the Labor Commissioner. Labor Code sections 96 and 98, subdivision (a), expressly allow the Labor Commissioner to take assignment of employee claims with the authority to resolve all matters within its jurisdiction. Any party to the proceedings may seek review of the commissioner's decision by filing an appeal to the superior court where the matter will be heard de novo (Lab. Code, § 98.2).

On this basis Day argues that neither the Labor Commissioner nor the superior court had subject matter jurisdiction over Resnik's complaint and in support of this argument it points to the court's finding that Resnik was an independent contractor rather than an employee.

The critical legal distinction between employees and independent contractors is the right to control the manner and means by which the agent conducts his business (51 C.J.S., Labor Relations, § 37(b), p. 649). A bona fide contractor is customarily engaged in an independently established business and retains the right to control the manner in which he performs his contract (Lab. Code, § 2750.5). An employee, on the other hand, is subject to the absolute control and direction of his employer (*Gipson v. Davis Realty Co.* (1963) 215 Cal.App.2d 190, 205 [30 Cal.Rptr. 253]). An employee may be classified as either a servant or an agent, but both convey the notion of action taken under employment and express the idea of service (*id.*, at pp. 205-206).

While there may be some question of fact as to whether Resnik qualifies as a contractor or an agent employee, the Legislature has made Resnik an employee of Day as a matter of law (*id.*, at p. 206). An analysis of the statutory scheme relating to real estate salesmen compels the conclusion that such a person is strictly the agent of the broker under whom he is licensed (*Gipson v. Davis Realty Co., supra,* 215 Cal.App.2d at pp. 206-207; *Grand v. Griesinger* (1958) 160 Cal.App.2d 397, 406 [325 P.2d 475]). A real estate salesman cannot contract in his own name (*ibid.*); he can only be employed by a licensed real estate

broker (Bus. & Prof. Code, § 10132;[3] he cannot "be employed by...
any person other than the broker under whom he is at the time li-
censed" (§ 10137); and his license must remain in the possession of his
broker employer (§ 10160), who risks the suspension or revocation of
his own license if he fails "to exercise reasonable supervision over the
activities of his salesmen" (§ 10177, subd. (h)).

We conclude, therefore, that a salesman, insofar as his relationship
with his broker is concerned, cannot be classified as an independent
contractor. Any contract which purports to change that relationship is
invalid as being contrary to the law (*Gipson* v. *Davis Realty Co., supra,*
215 Cal.App.2d 190, 207).

Day further contends that even if Resnik qualifies as an agent as a
matter of law, this principle should not be extended to all aspects of a
broker's business. Although there is authority for this proposition, it is
inapposite to the issue in the case at bench for three reasons. First, the
cases cited in support of this principle (*California Emp. Stab. Com.* v.
*Morris* (1946) 28 Cal.2d 812 [172 P.2d 497]; *Cal. Emp. Stab. Com.* v.
*Norins Realty Co.* (1946) 29 Cal.2d 419 [175 P.2d 217]; *Royal Indem-
nity Co.* v. *Industrial Acc. Com.* (1930) 104 Cal.App. 290 [285
P. 912]) address and are limited to a different issue, i.e., whether a real
estate salesman can be classified as an employee for purposes of the
Unemployment Insurance Act and the Workmen's Compensation Act.
Second, *Morris, Norins* and *Royal Indemnity* were all decided prior to
the addition of section 10177, subdivision (h).[4] The presence of this pro-
vision, in conjunction with the other provisions applicable to real estate
salesmen, has been deemed to be indicative of the legislative intent to
create a principal-agent relationship between a broker and his salesman.
(*Gipson* v. *Davis Realty Co., supra,* 215 Cal.App.2d 190, 206; *Grand* v.
*Griesinger, supra,* 160 Cal.App.2d 397, 406.) Finally, Day does not
present any reason, much less a compelling one, why the classification
of Resnik as an agent as a matter of law should not be applied to Labor
Code sections 96, 98, and 98.2.

---

[3]Unless otherwise indicated, all statutory references are to the Business and Profes-
sions Code.

[4]Section 10177, subdivision (h), reads as follows: "The commissioner may suspend or
revoke the license of any real estate licensee, or may deny the issuance of a license to
an applicant, who has done any of the following:

"...........................

"(h) If, as a broker licensee, failed to exercise reasonable supervision over the activi-
ties of his salesmen."

## DISPOSITION

The judgment is affirmed.

Jefferson (Bernard), Acting P. J.,* and Title, J.,† concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 22, 1980. Richardson, J., was of the opinion that the petition should be granted.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

†Assigned by the Chairperson of the Judicial Council.