[Civ. No. 58085. Second Dist., Div. Three. Nov. 21, 1980.]

VERNA LEE PAYNE, Plaintiff and Appellant, v.
WHITE HOUSE PROPERTIES, INC., Defendant and Respondent.

**COUNSEL**

Laurence T. Emert for Plaintiff and Appellant.

Stanley P. Piser and Jeffrey E. Lieber for Defendant and Respondent.

OPINION

THOMAS (R. W.), J.*—

### STATEMENT OF THE CASE

Plaintiff and appellant, Verna Lee Payne (hereinafter appellant), appeals from a judgment after trial de novo in the superior court reversing an order, decision or award of the labor commissioner awarding to appellant, recovery of charges made by defendant and respondent, White House Properties, Inc. (hereinafter respondent), for worker's compensation insurance

Judgment was entered in favor of respondent, holding appellant was an independent contractor, not an employee, and not entitled to recovery of charges for worker's compensation insurance.

### FACTS

Respondent White House Properties, Inc. was a licensed real estate broker and appellant Verna Lee Payne was a licensed real estate salesperson. Approximately November 1, 1976, appellant entered into a contract with respondent entitled Broker-Salesperson Contract whereby appellant received 100 percent commissions earned by her and paid a monthly desk rental fee and expenses incurred by her on her own behalf. This contract, along with respondent's procedures manual, set forth the terms and conditions of appellant's relationship with respondent.

Under the Broker-Salesperson Contract, respondent had no authority or right to direct or control appellant's actions except as specifically required by law.

Respondent did not control the hours worked by appellant nor require caravan to view property. Respondent did not set the sales commissions. Appellant was encouraged, but not required, to call in daily.

The procedures manual provided for an arbitration procedure to resolve disputes among associates, of which appellant was one. The

---

*Assigned by the Chairperson of the Judicial Council.

management had no vote, and no approval of the decision by management was required.

Respondent had no requirement as to how listings were to be obtained. If a client walked into the office, the client was assigned to an associate on a rotation basis by agreement of the associates.

Appellant's business cards were required to conform to respondent's accepted style and were approved by her office manager. Sales meetings were utilized by respondent's office manager to disseminate new information and to hand out new forms. Appellant was required to use respondent's forms on all of her sales transactions, which forms were furnished by respondent to appellant at no cost. Appellant was expected to wear business attire while at work.

Where signs were needed, appellant was required to purchase signs from the one company with which respondent did its sign business. Appellant was required to follow time deadlines established by respondent in canceling the placement of signs on listed and sold property.

If there was joint participation in deals with other associates, appellant was required to follow the commission schedule set forth in the procedures manual.

Appellant and other associates were required to follow prescribed procedures to assure the progress of a transaction through escrow. Also, no transaction appellant was involved in could become final until approved by appellant's supervisor.

Respondent provided a dental plan at the request of the associates. The dental plan representatives required that all payments be mailed to and be made by the respondent company. The company agreed to accept monthly billing by the dental plan as an accommodation to the associates, and to collect the monthly premiums from each associate.

Respondent did not deduct social security or withhold income tax from the commissions of the associates.

The associates, themselves, asked to obtain worker's compensation. They also asked to obtain errors and omissions insurance protection. Both were accomplished through respondent with a premium paid by each associate, prorated monthly.

In the course of appellant's relationship with respondent, which began approximately November 1, 1976, and ended approximately June 12, 1978, appellant paid a total fee for worker's compensation in the sum of $321.75 which sum appellant seeks to recover.

CONTENTIONS

1.  A real estate salesperson is an employee of the real estate broker as a matter of law.

2.  The evidence was insufficient to sustain the finding of the trial court.

DISCUSSION

I

*Relationship Between Real Estate*
*Salesperson and Real Estate*
*Broker as a Matter of Law*

Appellant contends a real estate salesperson is an employee of the real estate broker as a matter of law. Respondent contends the relationship between a real estate salesperson and a real estate broker may be that of an independent contractor.

An "employer" is defined by Labor Code section 3300 as "...(c) Every person including any public service corporation, which has any natural person in service."

An "employee" is defined by Labor Code section 3351 as "...every person in the service of an employer under any appointment or contract of hire or apprenticeship express or implied, oral or written, whether lawfully or unlawfully employed...."

An "independent contractor" is defined in Labor Code section 3353 as "any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result only and not as to the means by which such result is accomplished." Labor Code section 3357 provides, "Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee."

Within the context of these Labor Code sections, prior to the enactment in 1955 of Business and Professions Code section 10177, subdivision (h), the determination of the relationship between the real estate salesperson and the real estate broker depended upon the amount of control the broker exercised over the salesperson. Whether or not a person was an independent contractor or an employee for worker's compensation was an issue to be decided upon the facts of each individual case. *Brown* v. *Industrial Accident Commission* (1917) 174 Cal. 457, 460 [163 P. 664] states "In each case, the question is one of fact depending for its determination solely upon those particular circumstances which tend to show whether, at the precise time of the accident for which compensation is sought, the petitioner had the power to exercise over the applicant such personal control as to attribute to him the characteristic of an employee." *Royal Indemnity Co.* v. *Industrial Accident Commission* (1930) 104 Cal.App. 290, 292 [285 P. 912] states that an independent contractor is "one who renders service in the course of an independent employment or occupation, following his employer's desires only in the results of the work, and not the means whereby it is to be accomplished." *Royal* further states at page 293 "The occupation of real estate salesman is one that might come under the classification of employee, or independent contractor, depending upon the facts of the particular case."

In 1955 subdivision (h) of Business and Professions Code section 10177 was added. Section 10177 states in part "The commissioner may suspend or revoke the license of any real estate licensee, or may deny the issuance of a license to an applicant, who has done any of the following:...(h) If, as a broker licensee, failed to exercise reasonable supervision over the activities of his salesmen."

The enactment of Business and Professions Code section 10177, subdivision (h) raises the question of whether or not the real estate broker is now required to exert that degree of supervision and control over real estate salespersons so that salespersons are employees for the purpose of worker's compensation as a matter of law.

The case of *Gipson* v. *Davis Realty Co.* (1963) 215 Cal.App.2d 190 [30 Cal.Rptr. 253], holding a real estate broker liable for accidental injuries caused by a real estate salesman, held that as a matter of law, the salesman was an agent of the broker, but not necessarily an employee. *Gipson* states at page 206 "We are satisfied, accordingly, that while it

may be a question of fact whether in each case a real estate salesman is an employee within the common law definition of master and servant, the Legislature has, by virtue of statutory enactment, made such a salesman an agent of the broker as a matter of law."

Civil Code section 2295 defines an agent as "...one who represents another, called the principal, in dealings with third persons."

*Gipson* v. *Davis Realty Co., supra,* 215 Cal.App.2d 190, at page 205 states "While one be both a servant and an agent,...the terms are not wholly synonymous." Discussing the Unemployment Insurance Act and the Workmen's Compensation Act the court stated at page 205 "...insofar as these acts are concerned, the common law definition of master and servant is the measure of the relationship between the parties, and that the statutory definition of salesman in the Real Estate Act does not make a real estate salesman an 'employee' within the meaning of these acts as a matter of law."

*Resnik* v. *Anderson & Miles* (1980) 109 Cal.App.3d 569 [167 Cal. Rptr. 340], discussed the relationship between a real estate salesperson and a real estate broker. The broker claimed the salesperson was an independent contractor and, therefore, neither the labor commissioner nor the superior court had subject matter jurisdiction over the salesperson's claim.

Finding jurisdiction and relying on *Gipson* v. *Davis Realty Co., supra,* 215 Cal.App.2d 190, the *Resnick* court stated at page 572, "An analysis of the statutory scheme relating to real estate salesmen compels the conclusion that such a person is strictly the agent of the broker under whom he is licensed." ▮ The court further stated at page 573, "We conclude, therefore, that a salesman, insofar as his relationship with his broker is concerned, cannot be classified as an independent contractor. Any contract which purports to change that relationship is invalid as being contrary to the law...."

The conclusion is that a real estate salesperson may not be an independent contractor, and is an agent as a matter of law. In most instances the real estate salesperson would be an employee for the purposes of worker's compensation, but that determination remains a question of fact.

## II

### *Sufficiency of the Evidence*

■ Appellant contends the evidence produced at the trial is insufficient to support the finding of the trial court.

■ When a finding of fact is challenged on the ground that there is no substantial evidence to sustain it, "the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact." (*Grainger* v. *Antoyan* (1957) 48 Cal.2d 805, 807 [313 P.2d 848].)

■ The trial court's conclusion of law that the salesperson was an independent contractor is incorrect. The record in this case discloses, however, that there was substantial evidence presented to sustain the conclusion that appellant was not an employee for purposes of worker's compensation insurance.

The judgment is affirmed.

Cobey, Acting P. J., and Potter, J., concurred.

A petition for a rehearing was denied December 16, 1980, and appellant's petition for a hearing by the Supreme Court was denied January 28, 1981.