ARTHUR E. JOHNSON AND GERALDINE L. JOHNSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6399–79.     Filed October 19, 1981.

Arthur E. Johnson, pro se.
*Martin Klotz*, for the respondent.

DRENNEN, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $1,671.78 for the taxable year 1976. After concessions by petitioners, the issues for decision are: (1) Whether petitioners are entitled to a deduction under section 162(a)[1] for certain educational expenses; and (2) whether petitioners are entitled to a deduction under section 162(a) for certain transportation expenses in excess of the amount allowed by respondent.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference.

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue.

[2]The issue with respect to transportation expenses was not raised in the pleadings. However, both parties dealt with it as an issue to be decided at the trial and on briefs, so we will consider it.

Petitioners Arthur E. Johnson and Geraldine L. Johnson, formerly husband and wife (hereinafter referred to as petitioners), resided in San Diego County, Calif., at the time of the filing of their petition herein.

During the taxable year 1976, petitioners were employed as real estate agents by the Art Leitch Realty Co. in San Diego, Calif. Both were validly licensed to sell real estate, as real estate agents, by the California Department of Real Estate.

Petitioners desired to obtain their real estate broker's licenses so that they could open their own brokerage business and obtain real estate listings in their own names. During 1976, petitioners enrolled in a series of real estate courses at Anthony Schools in San Diego, Calif. Successful completion of these courses was required under California law before petitioners would be allowed to take the California real estate broker's examination.

The real estate courses taken by petitioners maintained and improved the skills required by them in their employment with Art Leitch Realty Co.

For the taxable year 1976, petitioners claimed a deduction under section 162(a) of $880 for educational expenses incurred in taking the real estate courses. Petitioners also claimed a $5,500 deduction for transportation expenses allegedly incurred while working as real estate agents.

In the statutory notice of deficiency, respondent disallowed the educational expense deduction in its entirety and disallowed $1,122 of the $5,500 transportation expense deduction claimed by petitioners.

## OPINION

The first issue for determination is whether, for the taxable year 1976, petitioners may deduct under section 162(a)[3] amounts paid for real estate courses.

Petitioners assert that the educational courses did not qualify them for a new trade or business; nor were they taken to meet the minimum educational requirements for becoming a real estate broker, and, therefore, the expenses, since they

---

[3]SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business,
* * *

maintained and improved petitioners' skills as real estate agents, are deductible under section 162(a).

Respondent asserts that educational courses did qualify petitioners for a new trade or business, or alternatively, that the real estate courses were taken to meet the minimum educational requirements for becoming a real estate broker, and therefore, the educational expenses are not deductible under section 162(a).

Section 1.162–5(a), Income Tax Regs., deals specifically with the deductibility of educational expenses. It provides in pertinent part—

Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses * * * if the education maintains or improves skills required by the individual in his employment or other trade or business.

However, under section 1.162–5(b)(3)(i), Income Tax Regs., educational expenses are nondeductible, even though they maintain and improve the skills required of the taxpayer in his employment or other trade or business, if such expenses also lead to qualifying the taxpayer for a new trade or business. Therefore, the relevant inquiry is whether or not the real estate courses taken by petitioners qualified them for a new trade or business.

This Court has adopted a "commonsense approach in determining whether an educational expenditure qualifies a taxpayer for a new trade or business." *Davis v. Commissioner*, 65 T.C. 1014, 1019 (1976); *Glenn v. Commissioner*, 62 T.C. 270, 275 (1974). If the education qualifies the taxpayer to perform significantly different tasks and activities than could be performed prior to the education, then such education qualifies the taxpayer for a new trade or business. *Glenn v. Commissioner, supra*; *Weiszmann v. Commissioner*, 52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971).

In applying this standard in the instant case, we find that significant differences exist in the tasks and activities which a California real estate broker and a California real estate agent may perform. These differences are evidenced by the requirement under California law that special classes be taken by an individual desiring to obtain a broker's license, Cal. Bus. &

Prof. Code secs. 10153.2, 10153.4, and 10153.5 (West Supp. 1981),[4] and by the requirement that such individual pass the appropriate broker's licensing examination. Cal. Bus. & Prof. Code sec. 10153.6 (West Supp. 1981).[5] Since more stringent requirements exist under California law for becoming a real estate broker than for becoming a real estate agent, it follows that a California real estate broker can hold himself out to the public as having a higher degree of skill and competence.

In addition to the educational and licensing requirement differences, other differences exist as well. California law requires that a real estate agent be *employed* by a licensed real estate broker. Cal. Bus. & Prof. Code, sec. 10132 (West Supp. 1981).[6] Moreover, "A real estate salesman * * * can act only for, on behalf of, and in place of the broker under whom he is licensed, and his acts are limited to those which he * * * performs as an agent for such broker." *Gipson v. Davis Realty Co.*, 215 Cal. App. 2d 190, 206–207, 30 Cal. Rptr. 253, 254 (1963). "A real estate salesman cannot contract in his own

---

[4]Sec. 10153.2. Courses; requirements; waivers.

An applicant for a real estate broker license shall also submit evidence, * * * of successful completion at an accredited institution of higher learning of (1) a three-semester unit course or the quarter equivalent thereof in real estate economics or accounting, and (2) a three-semester unit course or the quarter equivalent thereof in an advanced course in either legal aspects of real estate, real estate finance or real estate appraisal; or a three-semester unit course or the quarter equivalent thereof in business law, escrows, real estate principles, property management or real estate office administration. * * *

Sec. 10153.4. Courses in legal aspects of real estate and real estate practice.

An applicant for a real estate broker license shall also submit evidence, satisfactory to the commissioner, of successful completion at an accredited institution of higher learning of a three-semester unit course or the quarter equivalent thereof in the legal aspects of real estate and a three-semester unit course or the quarter equivalent thereof in real estate practice. * * *

Sec. 10153.5. Courses in real estate appraisal and real estate financing.

An applicant for a real estate broker license shall also submit evidence, satisfactory to the commissioner, of successful completion at an accredited institution of higher learning of a three-semester unit course or the quarter equivalent thereof in real estate appraisal and a three-semester unit course or the quarter equivalent thereof in real estate financing. * * *

[5]Sec. 10153.6. Duration of real estate broker's license; renewal.

All real estate broker licenses issued by the commissioner shall be for a period of four years.

Applicants must qualify in the appropriate examination and satisfy all other requirements prior to issuance of the license.

[6]Sec. 10132. Salesman.

A real estate salesman within the meaning of this part is a natural person who, for a compensation or in expectation of a compensation, is employed by a licensed real estate broker * * *

name \* \* \* ; he can only be employed by a licensed real estate broker \* \* \* ; he cannot be employed \* \* \* by any person other than the broker under whom he is at the time licensed \* \* \* ; and his license must remain in the possession of his broker employer \* \* \* who risks the suspension or revocation of his own license if he fails to exercise reasonable supervision over the activities of the salesmen. [Citations omitted.]"[7] *Resnik v. Anderson & Miles*, 109 Cal. App. 3d 569, 572–573, 167 Cal. Rptr. 340 (1980). Furthermore, a real estate salesman cannot open his own rental real estate agency.[8] *Grand v. Greisinger*, 325 P.2d 475, 160 Cal. App. 2d 397 (1958).

Finally, we note that petitioners admittedly enrolled in the real estate courses in order to become real estate brokers and specifically so that they could open their own brokerage business and obtain their own real estate listings. This fact belies petitioners' argument that no significant differences exist between the tasks and activities that real estate agents and real estate brokers may perform. Based upon the foregoing, we hold that the real estate courses taken by petitioners qualified them for a new trade or business as real estate brokers and that the educational expenses incurred thereby are not deductible under section 162(a).

Because of our holding herein, it is not necessary to consider respondent's alternative contention under section 1.652–5(b)(2), Income Tax Regs., that the educational expenses were incurred to meet the minimum educational requirements for becoming a real estate broker.[9]

The second issue for determination is whether, for the taxable year 1976, petitioners are entitled to a deduction under section 162(a) for certain transportation expenses incurred in excess of the amount allowed by respondent.

---

[7] In *Antzoulatos v. Commissioner*, T.C. Memo. 1975–327, where we held that the trade or business of a registered pharmacist was not the same as that of an intern pharmacist, we found it significant that the petitioner was without authority to fill a single prescription absent the supervision of a registered pharmacist. Similarily, in the instant case, we find it significant that a real estate sales agent may not sell or lease a single parcel of real estate absent supervision from a real estate broker.

[8] The business of a real estate agency consists generally of procurring information from landlords about places that are available for rent and of selling the service to registered clients for a fee. *Grand v. Greisinger*, 325 P.2d 475, 160 Cal. App. 2d 397 (1958).

[9] See *Toner v. Commissioner*, 71 T.C. 772 (1979), revd. 623 F.2d 315 (3d Cir. 1980), cert. denied 450 U.S. 916 (1981), for discussions of the scope of sec. 1.162–5(b)(2), Income Tax Regs.

Petitioners claimed a transportation expense of $5,500 of which $4,378 was allowed. Respondent disallowed the remaining $1,122, for lack of substantiation.

It is well settled that deductions are allowed only as a matter of legislative grace. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Petitioner has the burden of proving the amount of deductions claimed. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Unfortunately, the only evidence presented by petitioners in support of their claim was their unsupported testimony to the effect that they had in fact incurred the expenses in question. No evidence was presented to substantiate this testimony. Under the circumstances, we find that petitioners have failed to carry their burden of proof and therefore sustain respondent's determination on this issue.

*Decision will be entered for the respondent.*