SANDRA G. PHILLIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket No. 9347-84.
United States Tax Court
T.C. Memo 1986-245; 1986 Tax Ct. Memo LEXIS 364; 51 T.C.M. (CCH) 1218; T.C.M. (RIA) 86245; June 17, 1986. *364 For 1980, P claimed a deduction for the expenses of operating her automobile in her business. The Commissioner disallowed such deduction in part. Held, P has failed to prove that she is entitled to a larger deduction than that allowed by the Commissioner. Lane McDaniel, for the petitioner. Joy C. Al-Sofi, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $609.22 in the petitioner's Federal income tax for 1980. The issue for decision is whether the petitioner has proved that she used her automobile in her business to the extent claimed *365 by her on her return for 1980. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Sandra G. Phillips, maintained her residence in Dallas, Tex., at the time she filed her petition in this case. She filed her Federal income tax return for 1980 with the Internal Revenue Service Center, Austin, Tex.
Throughout 1980, the petitioner was a salesperson at the Murray Insurance Company. She resided 4 miles from her place of employment. In her work, she used an automobile to call upon customers and to make deliveries. On January 1, 1980, she owned a 1979 Mazda, and on October 1, 1980, she traded such automobile for a 1978 Cadillac. From 1978 to 1983, the petitioner kept a daily log showing her appointments, but the log for 1980 has been misplaced. In the log, she recorded the mileage on the odometer of her automobile at the beginning and ending of the year, but she did not record the mileage for each of her trips. She spent much of her working time in her automobile, and she believes that more than 90 percent of the use of that car was for business purposes. She had another automobile available to her, and she claims that she *366 used the other automobile for her personal trips, although she admits that the business automobile was occasionally used for personal purposes. The petitioner did keep a daily diary of her business travel from September 5, 1983, through December 25, 1983. It shows the business trips that she made each day and the mileage for each trip. It reveals only one personal trip, and the information concerning her commuting between her residence and her office is confusing. According to the diary, she used the automobile for a total of 5,006 miles during such period, or an average miles per day of 73. On her Federal income tax return for 1980, the petitioner claimed a deduction of $10,240 for the use of her automobile in her business. In computing such deduction, she claimed that she drove her automobile a total of 42,547 miles and that 90 percent of such use was for business purposes. She claimed actual expenses of $3,355 for gas and oil, $2,364 for other expenses such as tags, insurance, and miscellaneous, $4,592 for depreciation, and $500 for tolls and parking. In computing the deduction, the petitioner took 90 percent of the costs for gas, oil, and the item described as "other" expenses. *367 In the notice of deficiency, the Commissioner recomputed the petitioner's deduction for automobile expenses and allowed only $5,590. The petitioner furnished the IRS with information concerning the use of her business automobile for the period March 28 through April 13, 1983. During that period, 80 percent of the use of her automobile was for business purposes, and she used her automobile an average of 67 miles a day for business purposes. Using that daily average, the IRS determined that she used her automobile a total of 16,972.5 miles per year for business, but they allowed her an annual usage of 18,000 miles. She was able to substantiate expenses of $632.81 for the item described as "other" expenses and $125.00 for parking and tolls. The IRS used her figures to compute an allowance for gas and oil of 7 cents a mile for the Mazda and 10 cents a mile for the Cadillac, and he readjusted the depreciation allowance as a result of uncontested adjustments to the bases of the automobile. The petitioner was allowed 80 percent of the item described as "other" expenses and the depreciation. OPINION The sole issue in this case is whether the petitioner has proved that she is entitled *368 to a larger deduction for the use of her automobile in her business than that allowed by the Commissioner. An employee is entitled to deduct all the ordinary and necessary expenses of operating his automobile in his trade or business. Sec. 162, Internal Revenue Code of 1954[1]; sec. 1.162-1(a), Income Tax Regs. The Commissioner recognizes that the petitioner used her automobile in her trade or business and is entitled to a deduction for some expenses attributable to such use. However, he has recomputed the allowable deduction, and the petitioner has the burden of proving that his computation is incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; see Johnson v. Commissioner,77 T.C. 876 (1981); Focht v. Cimmissioner,68 T.C. 223 (1977). The Commissioner's computation was based upon a diary kept by the petitioner for a period of approximately 2 weeks in early 1983. It showed total miles driven and the miles driven for business purposes. Whereas for 1980, the petitioner merely made a record of her *369 mileage at the beginning and ending of the year; she claims to have kept a log of her appointments, but she admits that she kept no daily record of the total miles driven and the miles driven for business purposes. Her computation for 1980 was based simply on her estimate of the miles driven for business purposes. Although the petitioner used her automobile primarily for business, it was not exclusively so used. The petitioner admittedly used the car to commute from her home to her place of business, and such commuting expenses are not deductible. Sec. 1.162-2(e), Income Tax Regs. Furthermore, the petitioner admittedly used her automobile for occasional personal uses which are also not deductible. Sec. 262. In addition, the daily diary kept for the period from March 28 to April 13, 1983, and for the period from September 5 through December 25, 1983, does not support the petitioner's claim. These records were made contemporaneously and reflect the total miles driven by her and the miles driven for business. She claimed that her practices were the same in 1980 as in 1983, and these records suggest that she did not travel more than 18,000 miles a year for business purposes, although *370 she claimed business travel of 38,292 on her return for 1980. The Commissioner's 80-percent figure was based on the record for the earlier period. Although the record for the latter period shows virtually no personal travel, we wonder at its completeness in view of the petitioner's admission that she used the car occasionally for personal purposes. The record for the latter period supports the Commissioner's determination as to the total miles driven during the year and does not adequately refute the use of the 80-percent allocation. On this record, we must sustain the Commissioner's determination. Wilkinson v. Commissioner,71 T.C. 633 (1979); Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. in an unpublished order (9th Cir., March 14, 1973, 73-2 U.S.T.C. par. 9713). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩