MAHESH BANATWALA and GINA L. BANATWALA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Banatwala
Docket No. 12358-90
United States Tax Court
T.C. Memo 1992-483; 1992 Tax Ct. Memo LEXIS 508; 64 T.C.M. (CCH) 591; August 25, 1992, Filed *508 Decision will be entered under Rule 155. For Mahesh Banatwala, pro se. For Respondent: Stephen J. Neubeck. GALLOWAY
GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was assigned and heard pursuant to the provisions of section 7443A(b), and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. On March 6, 1990, respondent mailed a notice of deficiency to petitioners, determining deficiencies in petitioners' Federal income tax for the years 1985, 1986, and 1987, and additions to tax under the following Code sections: (1) sections 6651(a)(1) and 6654 for the years 1985-87; (2) section 6653(a)(1) and (2) for the year 1985; (3) section 6653(a)(1)(A) and (B) for the years 1986-87; and (4) section 6661 for the year 1986. Before trial commenced, the parties filed a stipulation in which petitioners conceded the section 6651(a)(1) additions to tax and respondent conceded the section 6654 additions to tax for the years 1985, 1986, and 1987. Respondent also informed the Court that the notice of deficiency contained computational errors, *509 and that the parties agreed that the 1986 addition to tax for substantial understatement was to be determined when the corrected tax liability for that year was calculated. Respondent filed a statement, which disclosed that the following deficiencies and additions to tax were in issue: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
1985
$ 419
$ 20.95
[1]
--
[1]
1986
6,614
$ 330.70
[1]
1987
4,465
223.25
[1]
The adjustments determined by respondent for the taxable years in issue, with the exception of additions to tax, resulted from the disallowance of most of the expenses claimed on Schedules C prepared for the insurance sales business of Mahesh Banatwala (petitioner). At trial, both parties stipulated to the deductible amounts of many of the expenses disallowed, leaving for decision the remaining issues: (1) The amount of home office expense deductions *510 to be allowed petitioner for the years in issue; (2) whether petitioner is entitled to an educational expense deduction in the year 1986; and (3) whether petitioner is liable for additions to tax determined under section 6653(a)(1) and (2) for the taxable year 1985 and under section 6653(a)(1)(A) and (B) for the taxable years 1986 and 1987. Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference. Petitioners resided in Cincinnati, Ohio, at the time they filed their petition in this case. a. Home Office Expense
Petitioner was a self-employed insurance salesman during the taxable years in issue. Petitioner sold life insurance and tax-deferred annuities. He sold no casualty or property insurance. Petitioner maintained an office in his rented home during the years in issue. The home was leased by petitioner as a residence for him and his family for $ 410 per month. Petitioner, his wife, and three children, lived on the upper floor of the residence, which contained 3 bedrooms, a large living room, dining room, kitchen, and bathroom. The lower floor was a finished basement used entirely *511 as a home office and contained 3 rooms, a storage room, a full bathroom, and a large furnace. At trial, the parties agreed that petitioner had substantiated payment of expenses related to the residence (rent, heating oil, and utilities) for the years 1985, 1986, and 1987, in the respective amounts of $ 6,599.25, $ 7,527.02, and $ 6,130. Petitioner had claimed 25 percent of the above residence expenses as home office deductions on his tax returns for the 1985-87 years. Respondent disallowed the deductions in full. For the period October 1, 1986, through December 31, 1987, petitioner rented commercial office space 20 miles from his home, located on Montgomery Road in the Kenwood area of Cincinnati (hereinafter called the Kenwood office), for the purpose of conducting his life insurance sales business. Petitioner paid rent of $ 275 per month for the 400 square foot Kenwood office, which contained two offices and a storage room. In the notice of deficiency, respondent disallowed petitioner's rental expenses for the Kenwood office amounting to $ 825 and $ 3,300, respectively, for the years 1986 and 1987. She has now conceded the deductibility of these amounts. Respondent also conceded *512 at trial that petitioner is entitled to deductions for home office expense in the year 1985, and during the first 9 months of 1986 in amounts to be determined by the evidence presented at trial. We consider separately petitioner's allowable home office deduction before and after October 1, 1986. 1. January 1, 1985 - September 30, 1986 Home Office Deduction
Petitioner has the burden of establishing that he is entitled to deductions claimed on his tax return. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 280A(a) prescribes the general rule that no otherwise allowable deduction "shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." Under section 280A(c)(1)(A), this general rule does not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis as "the principal place of business for any trade or business of the taxpayer." As previously stated, petitioner claimed 25 percent of the residence expenses as home office deductions on his 1985, *513 1986, and 1987 tax returns. At trial, petitioner asserted that he was entitled to 50 percent of the residence expenses as home office deductions. Petitioner's claim for an increased home office deduction is based on his contention that the upper floor of his home and the finished basement each contained approximately 1,000 square feet of space. Petitioner failed to submit measurements of the rooms of the upper or basement floors or other evidence by which the square footage of each residence level could be calculated. However, petitioner provided a rudimentary sketch of the basement floor. This sketch discloses 3 rooms on one side of the basement, a small storeroom and bathroom on the other side and a large unused open area in the center. Petitioner testified that two of the three rooms, and the storage room, contained old client files in filing cabinets and old file boxes, various calculators and other machines, an office copier, and a computer. One room contained petitioner's desk and was the office where he met clients. All the rooms were lined with bookshelves containing approximately 1000 books, claimed by petitioner to be related to the insurance business. Petitioner's *514 witness (a colleague in the life insurance business), confirmed that petitioner's basement rooms contained many books and old file boxes. The witness stated that he was unable to enter one of the three rooms because it was "jammed full" with "books, storage files, all kinds of marketing materials * * *." At the conclusion of her cross-examination concerning petitioner's use of the basement level, respondent appeared to have been satisfied from the evidence that petitioner had made a "fair and reasonable" determination that 25 percent of total proven costs claimed in 1985 and for 9 months of 1986 were deductible, since that portion of the residence was exclusively used for home office purposes during 1985 and the first 9 months of 1986. We agree with respondent. However, petitioner's testimony and the testimony of his witness does not satisfy his burden of proving he is entitled to deduct an amount for home office use in excess of the amounts petitioner claimed on his returns for those periods. Accordingly, we hold that petitioner is entitled to a home office deduction totaling 25 percent of proven residence costs for the year 1985 and during the first 9 months of 1986. 2. *515 October 1, 1986 - December 31, 1987 - Home Office Deduction
For the last 3 months of 1986 and all of 1987, petitioner deducted rental expenses paid for the Kenwood office space in the respective amounts of $ 825 and $ 3,300. As previously indicated, respondent has now conceded that petitioner is entitled to deductions for the above expenses paid for office rent, and we have concluded that petitioner is entitled to 25 percent of his residence expenses as home office expense during the period which petitioner did not lease the Kenwood office. Respondent contends, however, that no portion of the proven residence costs incurred by petitioner are deductible as home office expense after petitioner leased the Kenwood office. Respondent argues that when petitioner acquired his Kenwood office, that office became petitioner's principal place of business since it was the business location available to perform the functions of petitioner's business, and, accordingly, no home office deduction is allowable. In Soliman v. Commissioner, 94 T.C. 20 (1990), affd. 935 F.2d 52 (4th Cir. 1991), cert. granted 112 S.Ct. 1472 (Mar. 23, 1992), we held that a self-employed anesthesiologist was *516 entitled to deduct expenses for his home office because the business activities at his home office were essential to his medical practice, although ancillary to the primary income-generating services performed at hospitals. We stated that we would no longer follow the "focal point" test of Drucker v. Commissioner, 79 T.C. 605 (1982), revd. 715 F.2d 67 (2d Cir. 1983), in cases in which a taxpayer's home office is essential to his business, he spends substantial time there, and there is no other location available to perform the functions of the business. See also Kahaku v. Commissioner, T.C. Memo. 1990-34. Section 280A was not enacted to compel a taxpayer to rent office space rather than work out of his own home. See Soliman v. Commissioner, supra at 29; Kahaku v. Commission, supra. Here, unlike Soliman, petitioner voluntarily rented the Kenwood office to carry on the same functions of his business (without the distractions of a sometimes noisy upper floor due to the presence of 3 young children), that were previously performed at his home, i.e., confer with clients in person or by telephone, and write insurance policies. There is no evidence that *517 petitioner did not essentially carry on similar functions in the 400 square foot Kenwood office with 2 rooms and a storage room in the last 3 months of 1986 and during 1987, as were performed by petitioner in his home office during the period January 1, 1985 - September 30, 1986. We are satisfied that the Kenwood office was petitioner's principal place of business under section 280A(c)(1)(A) during the last 3 months of 1986 and all of 1987. We reject petitioner's contention that he should be entitled to deduct the cost of more than one business office since others in business, such as accountants and doctors, frequently have more than one business office. Petitioner misconstrues the issue here. The issue is not whether petitioner can deduct the cost of more than one office away from his home. The question is whether a taxpayer, when he has a place of business outside his home to carry on the functions of his business, can deduct any portion of the residence office expense incurred in his home, given the restrictions of section 280A. Petitioner sells life insurance and tax deferred annuities. A taxpayer with a business office (which happens to be his principal place of business) *518 located outside the home is entitled to a home office deduction only if he can show that he carried on a business at his home separate and distinct from the business carried on at his office away from home, and that the requirements of section 280A(c)(1)(A) are satisfied. See Hoye v. Commissioner, T.C. Memo. 1990-57. Petitioner, however, is engaged in only one business, that of selling life insurance and tax deferred annuities. His principal place of business is the Kenwood office. Petitioner also argues that he is entitled to a home office deduction because a major portion of his files, books, and materials accumulated during his years in business are stored in his basement level home office. Section 280A(c)(2) provides a second exception to the general rule of section 280A(a). It allows a deduction for certain storage in the home. To be entitled to the deduction, the space in question within the dwelling unit must be "used on a regular basis as a storage unit for the inventory of the taxpayer held for use in the taxpayer's trade or business of selling products at retail or wholesale, but only if the dwelling unit is the sole fixed location of such trade or business". *519 Here, petitioner fails to satisfy the requirements of this section. His trade or business involved the sale of insurance and annuity contracts. Petitioner was storing the files and materials related to the sale of insurance and annuity contracts, not inventory items. Moreover, petitioner's residence was not the sole fixed location of petitioner's business. See Druker v. Commissioner, 77 T.C. 867, 874 (1981), affd. in part, revd. in part 697 F.2d 46, 52 (2d Cir. 1982); Pearson v. Commissioner, T.C. Memo. 1982-295. Accordingly, we conclude that petitioner may not deduct any portion of his residence office expense as home office expense during the last 3 months of 1986 and in 1987, the period in which petitioner's principal place of business was the rented space at the Kenwood office. b. Education Expense
Petitioner has claimed a deduction in the amount of $ 286 for self-study materials to prepare him to take an examination to be licensed to sell securities. Respondent disallowed the deduction on the ground that petitioner is a life insurance salesman and that the course would qualify petitioner to engage in a new trade or business, namely that of selling securities. *520 Section 1.162-5(b)(3)(i), Income Tax Regs., provides that "expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business" are nondeductible. By his own admission, petitioner took the securities course in order to prepare him to take an examination to secure a license, without which he could not sell securities. However, petitioner argues that he should not be "narrowly defined as a life insurance salesman". Petitioner believes that because of his sales of tax deferred annuities, selling securities is sufficiently related to life insurance to be considered one profession, thereby qualifying the educational deduction claimed. We disagree. In Johnson v. Commissioner, 77 T.C. 876, 878 (1981), we held that the activities and tasks performed by licensed real estate brokers were significantly different than those performed by licensed real estate agents, and accordingly the cost of real estate courses taken by the taxpayers were nondeductible since they qualified the taxpayers for a new trade or business. The same result must apply here. We hold that petitioner has failed *521 to prove that the sale of life insurance and the sale of securities are not separate trades or businesses. Accordingly, respondent's determination is sustained. c. Additions to Tax
Respondent has determined additions to tax under sections 6653(a)(1) and (2) for the year 1985 and 6653(a)(1)(A) and (B) for the taxable years 1986 and 1987 on the ground that the underpayments in petitioner's income taxes for these years are due to negligence or intentional disregard of rules or regulations. Sections 6653(a)(1) and 6653(a)(1)(A), as applicable, provide that if any part of any underpayment of tax is due to negligence, there shall be added to the tax an amount equal to 5 percent of the amount of the underpayment. Sections 6653(a)(2) and 6653(a)(1)(B), as applicable, provide that there shall also be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence. Petitioner has the burden of proving that respondent's determination is erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Here, petitioner's failure to file timely tax returns *522 for the years 1985 through 1987 without justifiable reason demonstrate negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. on another issue 898 F.2d 50 (5th Cir. 1990). Moreover, petitioner claimed unallowable deductions on his business Schedules C in excess of commissions income reported for all 3 years and claimed deductions for a family vacation to India. In the absence of any persuasive evidence that petitioner was not negligent with respect to either the issues tried or conceded by petitioner, we must sustain respondent's determination of this issue for each of the years 1985 through 1987. Decision will be entered under Rule 155.
Footnotes
1. 50 percent of the interest due on the deficiency.↩